SOLOUKI | SAVOY, LLP
Grant Joseph Savoy, Esq.(SBN: 284077)
Shoham J. Solouki, Esq.(SBN: 278538)
316 W. 2nd Street, Suite 1200
Los Angeles, California 90012
Telephone: (213)814-4940
Facsimile: (213)814-2550

Attorneys for Plaintiffs

# UNITED STATES DISTRCIT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT IBARRA, an individual; and DUSTIN WALL, an individual;<br><br>　　Plaintiffs,<br>v.<br><br>SMG HOLDINGS INC. dba GREEK THEATRE, a Delaware Corporation; UTP PRODUCTIONS, INC., a Utah Corporation; and DOES 1 to 100, inclusive,<br><br>　　Defendants. | CASE NO. 2:21-cv-06959-RSWL-MAR<br><br>[Assigned to Hon. Judge Ronald S. W. Lew]<br><br>[Los Angeles Superior Court Case No. 20STCV37662]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND ACTION TO SUPERIOR COURT**<br><br>Hearing Date: October 19, 2021<br>Time: 10:00 a.m.<br>Courtroom: TBD<br><br><br>Action Filed: October 1, 2020<br>Date of Removal: August 27, 2021 |

# NOTICE OF MOTION AND MOTION

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2021 at 10:00 a.m. or as soon thereafter as the matter can be heard, in Courtroom TBD, located at the United States Courthouse at 350 W 1st St, Los Angeles, CA 90012, Plaintiffs ALBERT IBARRA, and DUSTIN WALL move the above-entitled court for an order to remand the above-captioned action to Los Angeles Superior Court.

Plaintiffs brings this motion on the grounds as set forth in Plaintiffs' Memorandum of Points and Authorities filed herewith, including the grounds that the Court lacks jurisdiction over this action. Defendant's Notice of Removal is improper as it is untimely

DATED: 9-17-2021                                                        Respectfully Submitted,

**SOLOUKI | SAVOY, LLP**

_____
Shoham Solouki, Esq.
Attorneys for Plaintiffs

## **TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................................................5

II.  STATEMENT OF FACTS....................................................................................5

III. ARGUMENT........................................................................................................6

  A. The Ninth Circuit Has Strong Burden Of Presumption
      Against Removal.............................................................................................6

  B. Remand Is Mandatory If Removal Is Untimely..........................................8

IV. CONCLUSION……………………………………………………………..14

# TABLE OF AUTHORITIES

**CASES**

*Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)……………………..8

*Alvarez v. Limited Express, LLC,* 2007 U.S. Dist. LEXIS 58148…………   14-15

*Boggs v. Lewis,* 863 F.2d 662 (9th Cir. 1988)…………………………………….8

*Fristoe v. Reynolds Metal 21 Co.,* 615 F.2d 1209 (9th Cir. 1980)……………….9

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992)……………………   7, 8, 13, 14

*Hill v. Rolleri*, 615 F.2d 886 (9th Cir. 1980)…………………………………… 12

*Indust. Tectonics v. Aero Allow*, 912 F.2d 1090 (9th Cir. 1990)……………… 11

*Lowdermilk v. U.S.  Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007)…………..13

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003)….. 15

*Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087 (N.D. Cal. 2003)………………8

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)……………13

*Serrano v. 180 Connect, Inc.*, 478 F.3d. 1018 (9th Cir. 2007)…………………..10

*Sneddon v.Hotwire, Inc.*, No. C 05-0951 SI, 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. June 29, 2005)………………………………………………………….. 8

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F. 2d 815 (9th Cir. 1985)…….. 7

*Tosco Corp. v. Communities for a better Env't*, 236 F.3d 495 (9th Cir. 2001)…11

*Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115 (9th Cir. 2004) ……………………..13

**STATUTES**

28 U.S.C. section 1332(c)1…………………………………………………….11

28 U.S.C. section 1332(d)(4)(A)…………………………………………….5, 10

28 U.S.C. section 1446……………………………………………………….…8

28 U.S.C. section 1453……………………………………………………….…5

Class Action Fairness Act of 2005 ("CAFA") ……………………………..5, 7-14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant SMG Holdings, Inc. improperly removed this action to the Federal Court because they did so in an untimely fashion. Where there is a strong burden against removal in the Ninth Circuit, remand is mandatory when removal is untimely.

Accordingly, this action must be remanded and, as such, Plaintiffs' Motion for Order Remanding Matter to State Court should be granted. Plaintiff respectfully requests the honorable Court to grant this motion because Defendant SMG Holdings, Inc. was served with the Summons and Complaint on October 5, 2020, yet failed to file any removal papers until August 27, 2021, well after the thirty (30) day deadline to remove the action. The service was definitive notice of the deadline for removal, and notwithstanding this notice, Defendant SMG Holdings, Inc. frivolously filed an untimely Notice of Removal only to prolong litigation and impose costs on Plaintiff.

## II. STATEMENT OF FACTS

On October 1, 2020, plaintiffs Albert Ibarra and Dustin Walls (collectively, "Plaintiffs") filed a summons, civil case cover sheet, and complaint for damages against defendants SMG Holdings Inc., UTP Productions Inc., L.A. Arena Company LLC, and C&C Event Services LLC (collectively, "Defendants"), in the Superior Court, "Albert Ibarra, et al. v. SMG Holdings Inc., et al.," Case No. 20STCV37662 (the "state action"). All of the named Defendants in the state action were foreign entities. *Declaration of Shoham J. Solouki ("Solouki Decl."), Para. 3.*

On October 5, 2020, Defendant SMG Holdings was personally served with the complaint. Thus, Defendant SMG Holdings, Inc. had notice that this case

5

Case No.: 2:21-cv-06959-RSWL-MAR                    REMAND MOTION AND NOTICE

could be removed at this point. *Solouki Decl., Para. 4.*

On November 19, 2020, Plaintiffs filed a first amended complaint ("FAC") against Defendants. No allegations or parties were removed or added with this FAC. *Solouki Decl., Para. 5.*

On January 27, 2021, Defendant SMG Holdings filed a demurrer to Plaintiffs' FAC. *Solouki Decl., Para. 6.*

On July 2, 2021, the Superior Court sustained Defendant SMG Holdings' demurrer and granted Plaintiffs 30 days leave to amend. *Solouki Decl., Para. 7.*

On July 26, 2021, Plaintiffs filed a second amended complaint ("SAC") against Defendants SMG Holdings and UTP Productions. Plaintiffs did not name Defendants L.A. Arena Company or C&C Event Services in the SAC. There were no new causes of action in the SAC. Further, the removal of Defendants L.A. Arena Company or C&C Event Services did not change the diversity jurisdiction analysis as Defendants L.A. Arena Company or C&C Event Services were foreign entities (the same as Defendants SMG Holdings and UTP Productions). *Solouki Decl., Para. 8.*

On August 27, 2021, Defendant SMG Holdings, Inc. improperly removed this action to the Federal Court. *Solouki Decl., Para. 9.*

### III. ARGUMENT

**A. The Ninth Circuit Has Strong Burden Of Presumption Against Removal**

Removal statutes are strictly construed against removal jurisdiction in the Ninth Circuit. (*See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F. 2d 662, 663 (9th Cir. 1988)); *Takeda v. Northwesern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. 1985).) "Federal Jurisdiction must be rejected if there is *any doubt* as to the right of the removal in the first

1  instance" because without federal jurisdiction litigating in federal court is futile.
2  (*Gaus*, 980 F.2d at 566 (emphasis added) (citing *Libbhart v. Santa Monica Diary*
3  *Co.*, 582 F.2d 1062, 1067 (9th Cir. 1979).)

4      Thus, on a motion for remand for lack of federal jurisdiction, it is the non-
5  movant –here, Defendants—that bears the burden of identifying "a legitimate
6  source of the court's jurisdiction." (*Pac. Mar. Ass'n v. Mead,* 246 F. Supp. 2d
7  1087, 1089 (N.D. Cal. 2003)) (citing Gaus, 989 F.2d at 566) ("[d]isputed
8  questions of fact and ambiguities in the controlling law must be resolved in favor
9  of the remanding party").)

10      Defendant SMG Holdings, Inc. improperly removed this action to the
11  Federal Court and has neither identified a source of federal jurisdiction with
12  competent evidence, nor upset the strong presumption against removal.

### B. Remand Is Mandatory If Removal Is Untimely

15      While not jurisdictional, remand is mandatory if a Defendant's removal is
16  untimely and the plaintiff properly moves to remand (*See* e.g. *Fristoe v.*
17  *Reynolds Metal 21 Co*. 615 F.2d 1209 (9th Cir. 1980) (untimely removal results
18  in mandatory remand when timely motion to remand is filed, however timeliness
19  of removal is not jurisdictional as it can be waived by failing to properly move
20  for remand).) Under 28 U.S.C. § 1446 *et. seq,* Defendant must remove within 30
21  days of receipt of the complaint. This is a straightforward either/or standard.
22  Either removal is properly completed within 30 days from receipt of the initial
23  pleading, or removal is improper if done after.  It is clear that the thirty day
24  removal clock started to run on October 5, 2020 when Defendant SMG Holdings,
25  Inc. was served with the complaint.

26      Plaintiff served Defendant SMG Holdings, Inc. with the Summons and
27  Class Action Complaint on October 5, 2020. Defendant SMG Holdings, Inc.
28  filed and provided Notice of Removal on August 27, 2021. Consequently,

November 4, 2020 represented the 30 day removal date for Defendant SMG Holdings, Inc. In this case, Defendant SMG Holdings, Inc. failed to timely remove this matter by almost ten months from the clear statutory deadline for removal; therefore remand to the Superior Court is mandatory.

Defendant SMG Holdings, Inc. was served with the Summons and Complaint on October 5, 2020 which clearly stated on their face that the instant action was proper for removal; as all Defendants were foreign entities. Every basis for removal stated in Defendant SMG Holdings, Inc.'s Notice of Removal was based solely on the contents of the Complaint itself. Therefore, it is clear that the Summons and Class Action Complaint served on October 5, 2020 sufficiently put Defendant SMG Holdings, Inc. on notice that this matter was ripe for removal.

Defendant SMG Holdings, Inc. may argue that the removal of Defendants was proper because the SAC did not include Defendants L.A. Arena Company or C&C Event Services. This is false, as both of these entities are foreign entities that operate in the state of California; exactly like Defendants SMG Holdings and UTP Productions. Thus, diversity for removal was obviously pled in the original complaint that was served to Defendant SMG Holdings, Inc. on October 5, 2020; almost a full year ago.

Therefore, since the deadline for removal was disregarded by Defendant SMG Holdings, Inc. and Notice of Removal was filed almost ten months after the removal deadline, it is mandatory upon a timely request to remand to grant such request.

### IV.  CONCLUSION

The Court must remand this case to state court because Defendant SMG Holdings, Inc. clearly failed to comply with the required removal statute of limitations. For all of the reasons stated in the Memorandum for Points and

1 | Authorities, Plaintiffs respectfully request that the motion be granted and the
2 | case be remanded to Superior Court.

5 | DATED: 9-17-2021   Respectfully Submitted,

SOLOUKI | SAVOY, LLP

*Shoham Solouki*
_____
Shoham Solouki, Esq.
Attorneys for Plaintiffs