'O'

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11

12  ALBERT IBARRA and DUSTIN          CV 21-6959-RSWL-MARx
    WALL,
13                                     **ORDER re: MOTION TO REMAND**
                  Plaintiff,           [7, 10]
14

15        v.

16  SMG HOLDINGS INC. dba
    GREEK THEATRE, a Delaware
17  Corporation; UTP
    PRODUCTIONS, INC., a Utah
18  Corporation; and Does 1 to
    100,
19

20                Defendants.

21

22       Currently before the Court is the Motion to Remand

23  (the "Motion") [7, 10] filed by Plaintiffs Albert Ibarra

24  and Dustin Wall ("Plaintiffs").  Having reviewed all

25  papers submitted pertaining to this Motion, the Court

26  **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** the

27  Motion.

28

                                    1

**I.   BACKGROUND**

Plaintiffs are residents of Los Angeles, California.  SAC ¶ 3.  Defendant SMG is a corporation, incorporated under the laws of Delaware with its principal place of business in Pennsylvania.  Notice of Removal ("Removal") ¶ 12, ECF No. 1.  Defendant UTP is also a corporation, incorporated under the laws of Utah with its principal place of business in Utah.  Id. ¶ 13. Plaintiffs allege that Defendants "jointly own, manage, and/or operate" Plaintiffs' place of employment.  SAC ¶ 4.

Plaintiffs filed their Complaint [1-1] against Defendants, L.A. Arena, and C&C on November 17, 2020, alleging various wage and hour violations, harassment, discrimination, retaliation, unfair business practices, and wrongful termination.  Plaintiffs filed a First Amended Complaint [1-2], in which no parties or allegations were changed.  Defendant SMG then filed a demurrer [1-3] to Plaintiffs' FAC, which the Superior Court sustained [1-4] on July 2, 2021, with 30 days' leave to amend.  Plaintiffs then filed a Second Amended Complaint [1-5] on July 26, 2021, which named only Defendant SMG and Defendant UTP as defendants in the Action.  Defendant UTP filed its Answer [1-6] to the SAC in state court on August 26, 2021.

Defendant SMG requested a statement of damages from each Plaintiff, and Defendant SMG was served with Plaintiffs' responses [1-10, 1-11] on August 20, 2021.

1  Each Plaintiff asserted $2,490,046.51 in damages.

2  Defendant SMG then removed [1] the Action to this Court

3  on August 27, 2021, stating that removal was proper

4  under 28 U.S.C. §§ 1332 and 1441 because it was within

5  30 days of their receipt of Plaintiffs' statements of

6  damages, which were the first papers from which it was

7  ascertainable that the amount in controversy exceeded

8  $75,000.  Moreover, Defendant SMG asserted that the

9  Action was not removable until L.A. Arena and C&C, which

10  both had principal places of business in California,

11  were no longer defendants in the Action.  Removal ¶ 17

12  n.1.

13     Plaintiffs filed the instant Motion to Remand [7]

14  on September 17, 2021.  Defendant SMG filed its

15  Opposition [8] on September 28, 2021, and Plaintiffs

16  replied [9] on October 4, 2021.

17                    **II.   DISCUSSION**

18  **A.   Legal Standard**

19     To establish removal jurisdiction over a diversity

20  action, the removing defendant must file a notice of

21  removal in the proper district court demonstrating that

22  (1) the amount in controversy exceeds $75,000, and (2)

23  the suit is between citizens of different states.  See

24  28 U.S.C. § 1332.  A corporation is "deemed to be a

25  citizen of any State by which it has been incorporated

26  and of the State where it has its principal place of

27  business."  28 U.S.C. § 1332(c)(1).  On the other hand,

28  a limited liability company ("LLC") is a citizen of

1 | every state of which its owners or members are citizens
2 | for purposes of diversity jurisdiction.  Johnson v.
3 | Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th
4 | Cir. 2006).
5 |     Typically, a defendant must file the notice of
6 | removal within 30 days after service of the complaint.
7 | 28 U.S.C. § 1446(b)(1).  Where the case is not initially
8 | removable, however, a defendant may file a notice of
9 | removal within 30 days after receipt of "an amended
10 | pleading, motion, order or other paper from which it may
11 | first be ascertained that the case is one which is or
12 | has become removable."  Id. § 1446(b)(3).
13 |     A motion for remand is the proper procedure for
14 | challenging removal and may be ordered for either lack
15 | of subject matter jurisdiction or any procedural defect
16 | in removal.  See 28 U.S.C. § 1447(c).  Courts strictly
17 | construe the removal statutes against removal
18 | jurisdiction, and jurisdiction must be rejected if there
19 | is any doubt as to the right of removal.  See Gaus v.
20 | Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).
21 | **B.   Discussion**
22 |     Plaintiffs do not dispute that diversity of
23 | citizenship exists between Plaintiffs and Defendants,
24 | nor that the amount in controversy is met.  See
25 | generally Pls.' Mot. to Remand ("Mot."), ECF No. 7.
26 | Rather, Plaintiffs argue that removal was untimely
27 | because the case was removable since the Original
28 | Complaint ("OC") was filed on October 5, 2020, yet

1  Defendant SMG filed its Notice of Removal on August 27,
2  2021.  Id. at 5:4-16.  Defendant SMG argues that the
3  Motion should be denied both because removal was timely
4  and for procedural defects under Rule 11 of the Federal
5  Rules of Civil Procedure and Local Rule 7-3.  See
6  generally Def.'s Opp'n to Mot. to Remand ("Opp'n"), ECF
7  No. 8.
8      1.  Rule 11
9      Defendant SMG argues that Plaintiffs' Motion must
10 be stricken because the Notice of Motion is not signed.
11 Opp'n 4:15-25.  Rule 11(a) of the Federal Rules of Civil
12 Procedure requires all papers filed with the Court to
13 "be signed by at least one attorney of record in the
14 attorney's name."  Further, courts "must strike an
15 unsigned paper unless the omission is promptly corrected
16 after being called to the attorney's or party's
17 attention."  Fed. R. Civ. P. 11(a).
18     Here, Plaintiffs' original Notice of Motion, filed
19 on September 17, 2021, was not signed by their attorney.
20 See Mot. 2:20.  However, on October 4, 2021, Plaintiffs
21 filed a Corrected Motion that included a signed Notice
22 of Motion.  See Pls.' Corrected Mot. to Remand 2:18-19,
23 ECF No. 10.  Because the Rule 11 violation was promptly
24 corrected through the Corrected Motion, the Court
25 declines to strike Plaintiffs' Motion.  See Townsend v.
26 Akami Techs., Inc., No. CV 08-05534 MMM (SSx), 2008 WL
27 11338205, at *1 (C.D. Cal. Oct. 24, 2008) (declining to
28 strike plaintiff's complaint for being improperly signed

1   because plaintiff's filing of a properly signed

2   opposition to the motion to strike operated as "an

3   adoption and certification of the allegations and claims

4   in the complaint pursuant to Rule 11").

5        2.   Local Rule 7-3

6        Defendant SMG additionally argues that Plaintiffs'

7   Motion should be denied for failure to comply with Local

8   Rule 7-3.  Opp'n 5:18-6:4.  Local Rule 7-3 provides, in

9   relevant part, that "counsel contemplating the filing of

10  any motion shall first contact opposing counsel to

11  discuss thoroughly, preferably in person, the substance

12  of the contemplated motion and any potential resolution.

13  The conference shall take place at least seven (7) days

14  prior to the filing of the motion."  L.R. 7-3.  "Failure

15  to comply with the Local Rules does not automatically

16  require the denial of a party's motion, however,

17  particularly where the non-moving party has suffered no

18  apparent prejudice as a result of the failure to

19  comply."  CarMax Auto Superstores Cal. LLC v. Hernandez,

20  94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).

21       Plaintiffs argue that they complied with Local Rule

22  7-3 because on September 8, 2021, their counsel "emailed

23  counsel for Defendant[,] Rosely George[,] and notified

24  her that Plaintiffs intended to . . . file a motion to

25  remand this action."  Pls.' Reply in Supp. of Mot.

26  ("Reply") 3:4-6, ECF No. 9.  However, Rosely George

27  appears to be counsel only for Defendant UTP and not for

28  Defendant SMG.  See Notice of Removal Ex. 6 ("Defendant

1   UTP Answer"), ECF No. 1-6.  Because Plaintiffs made no

2   effort to contact counsel for Defendant SMG, they are in

3   violation of Local Rule 7-3.  Nevertheless, Defendant

4   SMG does not seem to have been prejudiced by the

5   violation because it was fully able to respond to

6   Plaintiffs' motion.  See generally Opp'n.  Moreover, it

7   is unlikely that further meet and confer efforts between

8   Plaintiffs and Defendant SMG will help to resolve this

9   Motion because the parties dispute a single issue:

10  whether removal was timely.  Thus, the Court elects to

11  consider the merits of the Motion.  See CarMax Auto

12  Superstores Cal. LLC, 94 F. Supp. 3d at 1088 (electing

13  to consider the merits of motion despite a violation of

14  Local Rule 7-3); De Walshe v. Togo's Eateries, Inc., 567

15  F. Supp. 2d 1198, 1205 (C.D. Cal. 2008) (same).

16        3.   Timeliness of Removal

17        Plaintiffs argue that Defendant SMG's removal was

18  untimely because this Action was always removable, as

19  Plaintiffs reside in California and all Defendants were

20  foreign entities.  Mot. 8:5-12.  Defendant SMG counters

21  that the case was not initially removable because L.A.

22  Arena and C&C are LLCs with principal places of business

23  in California.  Opp'n 8:1-10.  Moreover, Defendant SMG

24  argues its removal was timely because it was within 30

25  days of its receipt of Plaintiffs' statements of

26  damages, which were the first papers upon which it was

27  ascertainable that the amount in controversy requirement

28  for removal was satisfied.  Id. at 8:22-9:1.

1    The federal removal statute "provides two thirty-

2  day windows during which a case may be removed — during

3  the first thirty days after the defendant receives the

4  initial pleading or during the first thirty days after

5  the defendant receives a paper 'from which it may first

6  be ascertained that the case is one which is or has

7  become removable' if 'the case stated by the initial

8  pleading is not removable.'"  Harris v. Bankers Life &

9  Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005) (citing 28

10  U.S.C. § 1446(b)).  The first thirty-day period applies

11  only if the face of the initial pleading affirmatively

12  reveals the grounds for removal.  Id. at 695.

13  Otherwise, the removal clock only begins to run once the

14  defendant has actual notice of a case's removability.

15  Id. at 697.

16    Here, the removal clock did not begin to run upon

17  Plaintiffs' filing of the OC because the OC did not

18  affirmatively reveal the grounds for removal.  While

19  Plaintiffs sought compensatory damages, statutory

20  penalties, attorneys' fees, and punitive damages in the

21  OC, the OC fails to provide information that is

22  necessary for calculating actual damages.  For example,

23  Plaintiffs stated that they "are entitled to one and one

24  half (1 1/2) times and/or double their regular rate of

25  pay for overtime work" and to compensation for "all

26  hours worked, but not paid," for the "four (4) years

27  preceding the filing of this Complaint."  Original

28  Compl. ("OC") ¶ 46, 54.  However, Plaintiffs did not

1  allege what their rate of pay was, nor how many

2  violations occurred during those four years.  Without

3  this information, Defendant SMG had no means of

4  determining the amount of actual damages from the OC and

5  "had no further duty to estimate or investigate whether

6  the case was removable."  Sheppard v. Staffmark Inv.,

7  LLC, No. 20-cv-05443-BLF, 2020 WL 5593232, at *3 (N.D.

8  Cal. Sept. 18, 2020) (finding that plaintiff's complaint

9  did not facially allege an amount in controversy because

10 it provided "no specification of how many times the

11 listed Labor Code violation may have occurred").

12      Moreover, Plaintiffs asserted claims under

13 California's Fair Employment Practices Act for

14 harassment and discrimination, as well as claims for

15 retaliation and wrongful termination, but they failed to

16 state the dollar amount they are seeking to recover for

17 these claims.  Nor do Plaintiffs seek damages for

18 emotional pain and suffering.  See OC 40:4-16; cf.

19 Rodriguez v. Boeing Co., No. CV 14-04265-RSWL (AGRx),

20 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014) (finding

21 that the complaint sufficiently triggered the first 30-

22 day period because plaintiff alleged a specific rate of

23 pay and was a long-term employee seeking lost income,

24 damages for emotional pain and suffering, punitive

25 damages, and attorneys' fees, and it was "facially

26 apparent that the back-pay damages alone would come

27 close to the jurisdictional minimum").  Indeed, the only

28 dollar amount asserted by Plaintiffs in the OC is a

1 $10,000 civil penalty, OC ¶ 99, which is clearly

2 insufficient to satisfy the amount in controversy.

3 Without more certainty as to actual damages, Defendant

4 SMG was not required to assume that the case was

5 removable simply because Plaintiffs sought punitive

6 damages and attorneys' fees in the OC.  See Duran v. DHL

7 Express (USA), Inc., No. CV 15-09965-BRO (Ex), 2016 WL

8 742864, at *4 (C.D. Cal. Feb. 24, 2016) (stating that

9 unsubstantiated allegations seeking punitive damages and

10 attorneys' fees do not affirmatively reveal that a case

11 is removable).

12   Plaintiffs further argue that Defendant SMG's

13 support for removal "was based solely on the contents of

14 the Complaint itself."  Mot. 8:7-9.  The Court

15 disagrees.  Defendant SMG relied solely on Plaintiffs'

16 statements of damages in determining that the amount in

17 controversy requirement was satisfied.  Removal ¶ 14-16.

18 It was only upon receipt of these statements, on August

19 20, 2021, that Defendant SMG had actual notice that the

20 amount in controversy exceeded $75,000.  Because

21 Defendant SMG removed only seven days thereafter,

22 removal was timely and the Court therefore **DENIES** the

23 Motion.[1]

24

25   [1] Plaintiffs' argument for untimeliness seems to be based entirely on the notion that the OC "clearly stated on [its] face that the instant action was proper for removal[,] as all

26 Defendants were foreign entities."  Mot. 8:6-7.  Plaintiffs offer no further information as to the citizenship of either L.A. Arena

27 or C&C, the parties who were dropped from the Action when Plaintiffs filed their SAC on July 26, 2021.  In their

28 Opposition, Defendant SMG counters that the Action was not

10

1          **III.   CONCLUSION**

2       Based on the foregoing, the Court **DENIES**

3   Plaintiffs' Motion.

4       **IT IS SO ORDERED.**

5

6

7   DATED: October 22, 2021          /s/ Ronald S.W. Lew
                                    _____
8                                   **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22
_____
23  initially removable because both L.A. Arena and C&C are LLCs with
    principal places of business in California.  Opp'n 7:1-10.
24  Neither party applies the proper standard for determining the
    citizenship of an LLC, which is considered a citizen of every
25  state of which its owners or members are citizens for purposes of
    diversity jurisdiction.  Johnson, 437 F.3d at 899.  In any event,
26  the citizenship of these entities does not affect the timeliness
    of removal because, as explained above, it was not ascertainable
27  that this Action was removable until Defendant SMG received the
    statements of damages on August 20, 2021.
28

                                11